UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:24-cr- 197-WWB-LLL
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

KEVIN RAY MARCANO
a/k/a "Kali"

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Distribute Controlled Substances)

Beginning on an unknown date, but not later than in or about March 2022, and continuing through in or about September 2023, in the Middle District of Florida, and elsewhere, the defendant,

KEVIN RAY MARCANO,
a/k/a "Kali,"

did knowingly and willfully conspire with other persons, both known and unknown to the Grand Jury, to distribute a controlled substance. The violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

## COUNT TWO
### (Distribution of Methamphetamine)

On or about September 14, 2023, in the Middle District of Florida, and elsewhere, the defendant,

### KEVIN RAY MARCANO,
#### a/k/a "Kali,"

did knowingly and intentionally distribute a controlled substance. The violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## FORFEITURE

1.  The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.  Upon conviction of a violation of 21 U.S.C. § 841(a)(1) and/or 21 U.S.C. § 846, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

Fo[redacted]

ROGER B. HANDBERG
United States Attorney

By: _____
AAKASH SINGH
Assistant United States Attorney

By: _____
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
9/3/24 Revised

No. 3:24-cr-

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

KEVIN RAY MARCANO

INDICTMENT

Violations: 21 U.S.C. §§ 846, 841(a)(1)

A true bill,

_____
Foreperson

Filed in open court this _____ day of September, 2024.

_____
Clerk

Bail  $_____

GPO 863 525